UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Cause No. 1:07-CR-16-DFH-KPF |
| | ) |
| ALAN R. KING, JR., | ) |
| | ) |
| Defendant. | ) |

## SUPERSEDING PLEA AGREEMENT

The United States of America, by counsel, Susan W. Brooks, United States Attorney for

the Southern District of Indiana, and Susan H. Dowd, Assistant United States Attorney, and the

Defendant, ALAN R. KING, JR., in person and by counsel, James McKinley, hereby inform the

Court that a Superseding Plea Agreement has been reached in this cause, pursuant to Federal

Rule of Criminal Procedure 11(c)(1)(C), and the following are its terms and conditions:

1.    ALAN R. KING, JR. will waive indictment and plead guilty as charged to a four-

count Information, which alleges that he committed the following offenses: Theft of

Government Property, in violation of Title 18, United States Code, Section 641, a felony offense

which may be punished by a prison term of not more than ten (10) years, a fine of not more than

$250,000.00, and a term of supervised release of not more than three (3) years following any

term of imprisonment; Loan Fraud, in violation of Title 18, United States Code, Section 1014, a

felony offense which may be punished by a prison term of not more than thirty (30) years, a fine

of not more than $250,000.00, and a term of supervised release of not more than five (5) years

following any term of imprisonment; False Representation of a Social Security Number, in violation of Title 42, United States Code, Section 408(a)(7)(B), a felony offense which may be punished by a prison term of not more than five (5) years, a fine of not more than $250,000.00, and a term of supervised release of not more than three (3) years following any term of imprisonment; and Student Financial Aid Fraud, in violation of Title 20, United States Code, Section 1097(a), a felony offense which may be punished by a prison term of not more than five (5) years, a fine of not more than $250,000.00, and a term of supervised release of not more than three (3) years following any term of imprisonment.

2.   Title 18, United States Code, Section 641 consists of the following elements:

A.   The money described in Count One of the Information belonged to the United States and had a value in excess of $1000.00 at the time charged;

B.   The defendant stole that money;

C.   The defendant did so with the intent to deprive the United States of that the use or benefit of that money.

Title 18, United States Code, Section 1014 consists of the following elements:

A.   The defendant made a statement to a financial institution

B.   The defendant knew the statement was not true at the time it was made;

C.   The defendant made the statement with the intent to influence the financial institution with respect to a loan; and

D.   The accounts of the financial institution were insured by the Federal Deposit Insurance Corporation.

Title 42, United States Code, Section 408(a)(7)(B) consists of the following elements:

2

A.  The defendant knowingly represented to someone that the Social Security number described in the Information had been assigned to him by the Commissioner of Social Security;

B.  Such Social Security number had not in fact been assigned at that time to the defendant by the Commissioner of Social Security;

C.  The defendant made such representation wilfully, and with the intent to deceive, for the purpose of receiving payments or benefits to which he was not entitled.

Title 20, United States Code, Section 1097, consists of the following elements:

A.  The defendant obtained funds provided or insured under subchapter IV of Title 20, United States Code, that is, the proceeds of a loan issued pursuant to the United States Department of Education's Federal Family Educational Loan Program;

B.  The funds exceeded $200;

C.  The defendant obtained the funds by fraud, material false statements, or forgery;

D.  The defendant did so knowingly and wilfully.

3.  ALAN R. KING, JR. agrees and understands that the Court will use its discretion to fashion a sentence within the statutory range set forth in Paragraph 1. ALAN R. KING, JR. agrees and understands that the Court will consider the factors set forth in Title 18, United States Code, Section 3553(a) in determining the appropriate sentence within the statutory range. ALAN R. KING, JR. agrees and understands that the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range. ALAN R. KING, JR. agrees and understands that the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature. ALAN R. KING, JR. agrees and understands that the final determination of the sentence, including the applicable advisory guidelines calculation, criminal history category, and advisory

3

sentencing guidelines range will be made by the Court.

4.      ALAN R. KING, JR. understands that, should the Court accept this Plea Agreement, he will be sentenced pursuant to the terms of this agreement. ALAN R. KING, JR. understands that this is a plea agreement for a specific sentence, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Pursuant to that rule, the Court may accept or reject the plea agreement. If the Court accepts the plea agreement, the Court must sentence the defendant as provided in the agreement. If the Court rejects the agreement, the Court is required to inform the parties of this fact, advise the defendant personally in open court that the Court is not bound by the plea agreement, afford the defendant the opportunity to withdraw his plea, and advise the defendant that if he persists in a guilty plea, the disposition of this case may be less favorable than that contemplated by the plea agreement.

5.      ALAN R. KING, JR. agrees to pay a total of $400.00 on the date of the sentencing to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed, pursuant to Title 18, United States Code, Section 3013.

6.      ALAN R. KING, JR. agrees to provide all requested financial information to the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Indiana for use in the collection of any fines or restitution imposed by the Court.

7.      ALAN R. KING, JR. acknowledges and agrees that nothing in this agreement shall protect him in any way from prosecution for any offense not specifically covered by this agreement. The government agrees not to bring any other charges against ALAN R. KING, JR. regarding the facts and circumstances set forth in the Information.

8.      At the time of sentencing, the government and ALAN R. KING, JR. will jointly

4

recommend to the Court that it impose on ALAN R. KING, JR. a sentence of imprisonment within the range of 57-71 months. The government and ALAN R. KING, JR. are each free to argue where within that range the sentence should be imposed. The government and ALAN R. KING, JR. further agree that the imposition of a fine and the amount of supervised release to be imposed will be left to the discretion of the Court.

9.     The government agrees not to oppose any request made by ALAN R. KING, JR. for a Court recommendation that ALAN R. KING, JR. serve any period of imprisonment in a specific facility. ALAN R. KING, JR. acknowledges and understands that any Court recommendation does not bind the United States Bureau of Prisons.

10.     The parties agree that the imposition of a fine in this case is left to the discretion of the Court.

11.     ALAN R. KING, JR. understands that he has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right and in exchange for the concessions made by the United States in this plea agreement, ALAN R. KING, JR. agrees that in the event the Court sentences ALAN R. KING, JR. to a sentence within a range of 57-71 months, ALAN R. KING, JR. expressly waives his right to appeal the conviction and sentence imposed on any ground, including the right to appeal conferred by Title 18, United States Code, Section 3742. Additionally, ALAN R. KING, JR. expressly agrees not to contest his sentence or the manner in which it was determined in any collateral attack, including but not limited to, an action brought under Title 28, United States Code, Section 2255.

## SENTENCING GUIDELINES STIPULATIONS

12.     Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the stipulations below.  The parties understand and agree that these stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the applicable sentencing guidelines.  ALAN R. KING, JR. understands that he may not revoke his plea of guilty merely because the Court fails to follow the stipulations of the parties.  The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court.

A.     The parties agree that the applicable Sentencing Guideline is U.S.S.G. § 2B1.1(a)(1), which carries a base offense level of seven (7).

B.     The parties agree that the amount of loss was more than \$200,000.00, but less than \$400,000.00, and that the base offense level should therefore be increased twelve (12) levels, pursuant to § 2B1.1(b)(1)(G);

C.     The government and ALAN R. KING, JR. agree that ALAN R. KING, JR. willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution or sentencing of the instant offenses of conviction, and that the base offense level should therefore be increased two (2) levels, pursuant to § 3C1.1;

D.     The government and ALAN R. KING, JR. agree that the offense involved the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification, and that the offense level should therefore be increased two (2) levels, pursuant to § 2B1.1(b)(10)(C)(i).

6

E.      The government and ALAN R. KING, JR. agree that the final adjusted offense

level is twenty-three (23).


## FINAL PROVISIONS

ALAN R. KING, JR. acknowledges that no threats, promises, or representations have

been made, nor agreements reached, other than those set forth in this document, to induce ALAN

R. KING, JR. to plead guilty.  This document is the complete and only plea agreement between

ALAN R. KING, JR. and the United States Attorney for the Southern District of Indiana and is

binding only on the parties to this agreement, supersedes all prior understandings, if any, whether

written or oral, and cannot be modified except in writing, signed by all parties and filed with the

Court, or on the record in open court.

The terms of this agreement shall not be binding on the Office of the United States

Attorney for the Southern District of Indiana nor upon ALAN R. KING, JR. until

signed by ALAN R. KING, JR. and his counsel and by counsel for the United States of America.


_____                    _____
DATE                               Susan W. Brooks, U.S. Attorney
                                   By: Susan H. Dowd, AUSA


_____                    _____
DATE                               Christina McKee
                                   Chief, Criminal Division


_____                    _____
DATE                               Alan R. King, Jr.

7

Defendant

_____
DATE

_____
James McKinley.
Attorney for Alan R. King, Jr.

### STATEMENT OF THE DEFENDANT

I have read the entire Plea Agreement and discussed it with my attorney.

I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

I am fully satisfied with my attorney's representation during all phases of this case.

I am freely and voluntarily pleading guilty in this case.

I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crimes to which I am entering my plea.

My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agrement.  If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within ten (10) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

_____                    _____

DATE                    Alan R. King, Jr.
                             Defendant

9