# Indiana Federal Community Defenders, Inc.

William E. Marsh, Federal Defender
James C. McKinley, Assistant Federal Defender
William H. Dazey, Jr., Assistant Federal Defender
Juval O. Scott, Assistant Federal Defender

111 Monument Circle, Suite 752
Indianapolis, Indiana 46204
(Phone) 317-383-3520
(Facsimile) 317-383-3525

January 28, 2009

VIA HAND DELIVERY

Gerald Coraz
Assistant U.S. Attorney

Re:   Alan R. King, Jr.

Dear Mr. Coraz:

I write in response to your letter dated January 20 and Mr. King's allegations regarding the proposed "superceding plea agreement" referenced in paragraph 12(a) of his motion under 28 U.S.C. § 2255. You also requested that I address Mr. King's allegation that I failed to investigate his competency (Ground Three for seeking relief under §2255).

The original plea agreement in this case was a binding plea agreement under Federal Rules of Criminal Procedure 11(c)(1)(C) and called for a sentence at the low-end of the range generated by an offense level 19, with the criminal history category to be decided by the Court. The level 19 was calculated using U.S.S.G. § 2B1.1 as follows:

| | |
|---|---|
| Base Offense Level | 7 |
| Loss ($200,000 to $400,000) | +12 |
| Obstruction Increase | + 2 |
| Acceptance of Responsibility | - 2 |
| Total Adjustment Offense Level | 19 |

We anticipated the Court would conclude Mr. King was a criminal history III, thus the sentence called for in the plea agreement would have been 37 months (the low-end of a 37-46-month range).

We appeared before Judge Hamilton for a change of plea and sentencing hearing on May 2, 2007. Before accepting Mr. King's plea, the Court requested counsel for the parties to explain why the Court should accept the binding plea. After


EXHIBIT A

hearing from counsel, the Court rejected the agreement for reasons stated in the record. To the best of my recollection, the Court's rejection was based in part upon the plea agreement's omission of a two-level guideline increase under U.S.S.G. § 2B1.1(b)(10), and the inclusion of a two-level reduction for acceptance of responsibility (which I believe the Court found to be inconsistent with Mr. King's conduct while on pre-trial release). After rejecting the plea agreement, the Court proceeded to set the case for trial.

Following the May 2 hearing, I met with Ms. Dowd to discuss the matter and the prospect for a revised binding plea agreement. My time records for May 2 reflect .8 hours for a conference and multiple telephone conversations with Ms. Dowd following the hearing. My time records also reflect 1.5 hours spent after the hearing in meetings with Mr. King "re: Court's rejection of plea agreement and alternatives." My discussions with Ms. Dowd culminated in the proposed superceding plea agreement attached to Mr. King's § 2255 motion.

My time records reflect that I devoted 3 hours to Mr. King's case the next day, May 3, including numerous telephone calls and a meeting with Mr. King at the Marion County Jail. My file notes reflect that we discussed the alternatives he faced: (1) trial; (2) plead guilty either (a) in accordance with the proposed superceding plea agreement; or (b) straight-up with no agreement. My notes go on to reflect that we conferred regarding the risks and benefits associated with each alternative. My notes also reflect that, *contrary to my advice*, Mr. King advised me that he wanted to proceed to plead straight-up with no plea agreement, and insisted that I oppose the obstruction increase and argue for the reduction for acceptance of responsibility. That is the course we followed, despite my advice to the contrary.

With regard to the issue of Mr. King's competency, let me clarify that at no time did Mr. King suggest to me, either expressly or implicitly, that he suffered a mental disease or defect that would render him incompetent, or that he suffered from any such condition that would rise to the level of a defense. At no time did I have any question as to his competency, nor did I have any reason to believe that his mental condition prevented him from fully understanding or appreciating the wrongfulness of his conduct. I was aware of the brain injuries as well as the mental / emotional difficulties he describes, but I was also aware of the opinions expressed in a report from Cummins Behavioral Health Systems portraying Mr. King as a malingerer incapable of experiencing true remorse and faking mental problems as a means of obtaining sympathy and a lighter sentence. See PSR par. 103. Suffice to say that I chose not to press the "diminished capacity" argument as forcefully as Mr. King would have liked, as I did not believe it was a persuasive or convincing argument the court would accept in conducting its assessment of the factors under 18 U.S.C. §3553(a).

I trust this addresses sufficiently the allegations made by Mr. King. Please advise if you need any further information or documentation, or if the foregoing information needs to be presented in affidavit form.

Sincerely,

James C. McKinley

JCM:nam