1    THE COURT: Rule 11(c)(1)(C) binding plea agreements
2 are relatively rare in my experience.  I've never before
3 rejected one.  It's not something that I do lightly.  And I say
4 this, I have great respect for both the prosecutor and defense
5 attorney, who are very familiar with this case and have
6 excellent judgment and experience in these matters.
7    My obligation in a case like this is to impose a sentence
8 that is consistent with 18 U.S.C. Section 3553(a).  The statute
9 requires me to, among other things, impose a sentence that is
10 sufficient but not greater than necessary to protect the public
11 from further crimes by this defendant and to afford adequate
12 deterrence to criminal conduct.
13    At this point, based on my review of the presentence report,
14 and in particular the offense conduct and the criminal history
15 sections, I respectfully believe this proposed agreement that I
16 am presented with on a take it or leave it basis will not
17 sufficiently protect the public from further crimes by this
18 defendant or afford adequate deterrence to criminal conduct.
19    Under 7th Circuit law, in particular the Kraus and O'Neil
20 cases -- O'Neil is 437 F.3d 654, Kraus is 137 F.3d 447 -- I'm
21 required to state my reasons for this decision, but I am
22 prohibited from participating in any negotiations.  So, what I
23 am saying today is my comment on the guilty plea agreement that
24 has been put before me for decision.
25    The offense conduct here shows multiple independent schemes



EXHIBIT B

A12