RECEIVED
MAR 11 2009
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

United States District Court
Southern District of Indiana
Indianapolis Division

ALAN KING Jr, Movant

V.

United States of America

09 MAR 11 AM 9:08

CAUSE NO. 1:08-cv-1710-DFH-TAB
(IP 07 cr-01)

RESPONSE TO United STATES RESPONSE TO MOVANTS POST-CONVICTION RELIEF

For my response to the United States response to my motion for post-conviction relief, filed pursuant to 28 U.S.C § 2255, I ALAN King Jr advises the Court as follows:

On 12-22-2008 I filed a motion to Vacate, Set Aside or Correct Sentence (2255) pro se. On 1-15-2009 Order to Show Cause was filed and the United States was ordered to answer my allegations by 1-29-2009 which an extension of time was filed by United States and was granted by the court.

I would like to point out that numerous cases have held that the governments answer and affidavits are not conclusive against movant, and if they raise disputed issues of fact a hearing must be held. Machibroda V. U.S. 368 US 487, U.S. v. Salerno 290 F.2d 105.

1. United States claim that I don't allege that I was unaware of the efforts to negotiate on my behalf a new plea agreement, nor was I aware prior to the hearing May 4, 2007, change of plea hearing, of the existence of the proposed Superceding Plea Agreement and that I only assert that my knowledge of the agreement came too late. That it is a curious contention because if I had raised the matter with district court, or expressed any reservation to pleading guilty due to the existence of the proposed superceding plea agreement, that the court would not have proceeded with the change of plea hearing.

This statement by the United States is not true. The fact of me not

1.

being aware of the proposed Superceding Plea agreement is clearly why I wasn't able to express any sort of reservation to the court. To my understanding on May 4, 2007, the Court (Transcript pg.2) the judge stated that "I previously waived indictment in this case, and two days ago he rejected the Rule 11 (c) (1) (c) Plea Agreement that the parties had tendered." My former attorney then stated that I was prepared to go forward and plead guilty as charged. At this time the judge asked without a plea agreement. My former attorney then stated without a plea agreement. I was still under the impression that the "without a plea agreement" was still referring to the plea agreement that the judge spoke on earlier that he had rejected a couple days ago. Nothing on the record reflect that the Court or my former attorney was referencing a "Superceding Plea agreement" when they said I wanted to proceed without a plea agreement. That further proves that I wasn't fully aware of the Superceding Plea Agreement nor that my former attorney discussed it with me because that would have been his chance to express to the court that a Superceding Plea Agreement had been offered but against his professional advise and opinion that his client wished to refuse it and plead out right. He couldn't or wouldn't do that because he had not discussed it with me at that point and time, like he claims in his letter dated January 28, 2009, which is attached to the United States response.

   My decision in whether to plead guilty or contest a criminal charge is ordinarily the most important single decision in a criminal case counsel may and must give client the benefit of counsels professional advise on this crucial decision. (Boria vs. Keane, 99 F. 3d 492) If my former counsel had advised me his best professional advice then I would have taken a Superceding Plea Agreement if he had presented it to me. My former attorney failure to notify me of

2.

prosecutors Superceding Plea Agreement and use of professional advice and assistance constitutes defective performance for purpose of claim for ineffective assistance of counsel under the Sixth Amendment.

Ineffective assistance of counsel claims must meet the two pronged test described in Strickland v. Washington, 466 U.S. 668, (1) counsels performance fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding. Clearly my former counsels performance fell below standard of reasonableness for not disclosing the superceding plea agreement which definitely prejudiced me because the superceding plea agreement would have maxed the sentence out at 71 months, instead, because of me not having the superceding plea agreement I received a sentence of 105 months. A 34 month increased difference.

I would like to point out to the court that I would have absolutely nothing to gain by not taking a plea bargain especially after the court had rejected my first one under the grounds it did. Also knowing that the court could be possibly looking to upward depart my sentence, clearly had a superceding plea agreement been presented to me I would have taken it. I had already fully admitted guilt and cooperated with authorities from the beginning. (See stipulated facts page 5.) Special Agent Ralston conducted my interview at the time I was arrested and stated that I admitted all of my fradulent acts and answered all of the agent's questions truthfully. So a Superceding Plea agreement would have been the only thing in my favor.

The Court rejected my first plea agreement because it left out an enhancement for unauthorized use of identification under

2B1.1 (b) (10) (c), and giving me credit for acceptance of responsibility. The Court felt as if the guideline calculations under the agreement were inaccurate. After rejecting the plea agreement the Court stated that this had been an unexpected developement for counsel and those involved in developing the case, and to the extent they need to confer to let the court know what kind of regrouping they might want to do to prepare for trial or revisit some of the plea issues. That the court was in no hurry. Obviously the plea issues were revisited which as a result produced the superceding plea agreement because it corrected all the inaccurataies that the judge found in the first one he rejected. The United States note that whether or not the court would have accepted the superceding agreement is speculative and problematic in light of the concerns expressed on the record by the district court when it rejected the earlier plea agreement and that it seems improbable that the district court would have accepted a superceding plea agreement.

   Obviously the court wasn't against a plea agreement because he stated that the parties might want to "revisit the plea issues". After they were revisited the Superceding Plea Agreement corrected all the problems that the judge found in the first agreement that he rejected. No body knows exactly what the Court would have done but one thing is for certain, the judge never stated that he was against any plea-agreement. He said the opposite when he stated the parties may want to revisit the plea issues. In light of this, it still doesn't change the fact that the former attorney that I had was ineffective for not disclosing the superceding plea agreement and my sentencing / plea option. The fact is that I was prejudiced because of his performance and actions. (see transcript of rejected plea pg. 9)

4.

Obviously the United States at that time thought too that revisiting the plea issues that the Court would accept a Superseding Plea agreement or it would not have ever proposed one.

There is authority which suggests that a failure of defense counsel to inform defendant of a plea offer can constitute ineffective assistance of counsel on grounds of incompetence alone. Johnson v. Duckworth, 793 F.2d 898 (7th cir.) A failure of counsel to advise client of a plea bargain constitutes a gross deviation from accepted professional standards.

My former counsels letter dated January 28, 2009 state alot of false claims. There were several conversations and letters to contradict alot of the statements that he made. I would ask the court for my former attorney submit letters that I wrote to him in there entirety to me. I would like to get discovery that I believe will help my case. I am not very familiar with this procedure and know that discovery in a 2255 is govern by rules of criminal and civil procedure and would ask for an attorney to be appointed in helping with this matter.

My former counsel gave up and became very angry and frustrated with me and just simply didn't care how he defended me. He stated to me several times how my crimes (especially the hurricane Katrina Fraud) despised him and that people like me should and deserved time. I wrote several letters to my former counsel about our differences and asking that they be addressed with the court.

2.    United States claim in their response that my assertion that my former counsel was ineffective for not exploring the possibility of a diminished capacity defense that it is a variation of claim raised in my direct appeal. That is not true. I am simply claiming that as a defense my former counsel did not explore the extent of my

diminshed capacity. This is not to be confused as the "Sound mind" when I pled guilty. These are two seperate claims.

In federal courts, diminished capacity may be used only to negate mens rea of specific intent crimes. Not being an excuse, but is directly concerned with whether defendant possessed ability to attain culpable state of mind which defines crime. U.S. v. Woodworth 5 F Supp 2d 644.

Judge Easterbrook and four of his colleages pointed out that 5K2.13 grants a degree of lenity to those less able to control their actions. When those actions are, in fact, not dangerous. See US v. Poff 926 F 2d 588 (7th cir) Easterbrook went on to opine that "A hefty sentence may be appropriate simply because it incapacitates and so reduces the likelihood of further offenses. When the disturbed persons conduct is non-violent, however, incapacitation is less important.

My former counsel failed to be effective when he was aware completely of my head injuries and prior long history of emotional and emental problems. (See his letter dated January 28, 2009, also Addendum to presenence report page 3.) and that he believes that I struggle with compulsive behavior. Best he failed to investigate all of this thoroughly which could have brought some kind of understanding to the Courts as to my behavior and could have saved me from being upward departed.

As for the comments made by Cummins Behavioral Health as for me being malingering and faxing emental problems. I would like to point out that this opinion was not given by a psychologist nor psychiatrist. This opinion was given by a mental health counselor which is a major difference. Under the Insanity Defense Reform Act of 1984 a psychiatric or psychological examination shall be conducted by a licensed or certified psychiatrist or psychologist. Clearly the opinion by the counselor of Cummins was bias. Cummins Behavioral Health has contracted

work to work hand and hand with the halfway house I was ordered to stay at, Volunteers of America (VOA). Cummins is used to usually dealing with individuals at the halfway house coming from the B.O.P. and help out with drug and alcohol abuse and dependencies. Clearly the counselor who gave her opinion was bias because she did not even know the entire facts and history of my mental health issues dating back to when I was eleven years old. Any experienced psychiatrist or psychologist would know that they would need to know and understand all the facts surrounding an individuals entire history before they could make an assessment of being malingering.

It should be further noted that I am the one who requested to be seen by a mental health counselor because I had just experienced the death of my aunt. The transcript of my detention hearing would show that I had just found out my aunt was murdered the day I got arrested and I asked the Court to allow me to attend the funeral. I didn't request to be seen by Cummins to make light of my crime, it was simply requested because I was having a hard time mentally dealing with the murder of my aunt.

My former counsel nor the lady who did the report for Cummins is a psychiatrist or psychologist so for that reason alone my former counsel should have investigated the matter more so that he could defend me properly. For this his actions fell below the minimum standards. My former counsel even state in the addendum to presentence report page 3 that the evaluation from Cummins was conducted at my request, not as a means for a reduced sentence.

United States claim that although a failure by counsel to investigate an aspect of a case may constitute ineffective assistance of counsel, counsel is not deficient if he has "made a reasonable decision

7.

that makes particular investigations unnecessary." This is not true in my case because my former counsels failure to invest-igate properly prejudiced me. According to the Sentencing Commission, and the rules governing 3553, had my lawyer investigated properly my claims under diminished capacity 5K2.13 and filed a motion, my sentence could have been reduced because of the mitigating factors. So in this case my former counsels performance was deficient and it prejudiced me because my case could have turned out differently had the judge been aware of this mitigating factor completely. Former counsels decisions were not reasonable litigation decisions, they were simply deficient and unprofessional given what a lawyer is suppose to abide by when defending a client.

My former defense counsel simply didn't want to help me in any way because he had already stated that people who do crimes like I do should go to prison and that I shouldn't get any reduction for diminished capacity. But in light of my mental health history and my pleadings to my former counsel, it wasn't his decision to decide if I deserved a reduction under 5K2.13 Diminished Capacity but yet the Courts. He took that right away from me.

3.     As for my plea of guilty being Knowingly and voluntarily at the time of plea change hearing. Although this matter was brought up on direct appeal, Appeals court stated that other than saying that the antidepressant elevated my mood, I had not explained how it possibly could have

could have impaired my rational faculties. Res
Judicata does not apply in 2255 proceedings and I ask
that the court consider my argument because I have more
information that I didn't have during my direct appeal
because I wasn't fully prepared due to my attorney at
the time filing an Anders Brief.

Once a district court is made aware on record of
defendants drug intake and under the influence at the time
plea was entered his plea and understanding could have been
undermined. Sanders 373 US 1,19-20. Rule 11 purpose,
therefore plea was not voluntarily and knowingly.

Failure of court to pursue issue of defendants state
of mind after learning that defendant ingested psycho drugs
prior to entering guilty plea left question as to defendants
ability to knowingly and intelligently enter plea. US v. cole
813 F. 2d 43.

The particular antidepressents that I was on that
morning altered my decision making. Not to mention I was
given a double dose. This particular drug makes you feel
care free, not really understanding whats going on around you
completely because the seratonin is boosted to your brain
and you just "simply feel good" and it impairs your
rational faculties. A person simply can't make good competent
decisions when administered the amount that I was given
by jail officials that morning by accident.

9.

## Conclusion

Provision of 28 USCS 2255 that "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" means that hearing must be held.

The Supreme Court has announced that where there has been a finding of ineffective assistance of counsel in a 2255 proceeding, the remedy "should be tailored to the injury suffered from the constitutional violation. With all the disputed and conflicting answers from the United States to my motion the proper thing would be foe an evidentiary hearing to form a record.

For all the foregoing reasons, I Alan King Jr being the movant respectfully urges the Court to grant an evidentiary hearing and grant my 28 U.S.C. § 2255 motion.

Respectfully Submitted,

Alan King Jr.

Alan R. King Jr, Pro-se

# 08297-028

Federal Correctional Institution

P.O. Box 1000

Milan, MI 48160

Certificate of Service

I hereby certify that on March 9, 2009 a copy of the foregoing was mailed, by first class U.S. mail, postage prepaid and properly addressed to the following:

Gerald A. Coraz

Office of the United States Attorney

Southern District of Indiana

10 West Market Street, Suite 2100

Indianapolis, IN 46204-3048

*Alan R.F. 8 Jr.*

Alan R. King Jr,

Movant.

Alan R. King Jr

# 08297-028

Federal Correctional Institution

P.O. Box 1000

Milan, MI 48160

11.