Clerk of Court
United States Appeal Court Seventh District
219 South Dearborn St. Rm 2722
Chicago, ILL 60604

FILED
U.S. DISTRICT COURT
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK
10 JUN 29 PM 4:25

RECEIVED
JUN 21 2010
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

In Re: Alan R. King Jr. v. USA   Cause no. 1:08-cv-01710-JMS-TAB
United States District Court, Southern District of Indiana

## WRIT OF MANDAMUS

I Alan R. King Jr. being the petitioner in the above cause number petition this court of Appeals for a WRIT OF MANDAMUS and state the following to support.

1. On 12-22-08 I filed a 2255 motion to Vacate, Set Aside or Correct Sentence citing several reasons one being ineffective assistance of counsel for my former counsel not disclosing a superceding plea bargain to me before my sentencing.
2. On 1-15-09 order to Show Cause was entered and the United States was ordered to answer the allegations by 1-29-09.
3. On 1-21-09 Respondent USA filed motion for extension of time.
4. One 1-26-09 Extension of Time was granted giving Respondent til 3-2-09 to file answer.
5. On 3-2-09 Respondent filed their response.
6. On 3-9-09 Petitioner filed his reply to respondents answer.
7. Due to the fact that nothing had been done on Petitioners 2255 motion a year later after 3-9-09 Petitioner filed motion for Disposition of Case 3-12-10.

-1-

8. On 3-25-10 the court granted insofar and denied Motion for Disposition insofar.

9. Petitioner now seek help from the appeals court for a Writ of Mandamus to compel the District Court to Rule on 2255 motion.

9. The rules and statute requires a district court to "grant a prompt hearing when 2255 motion is filed and to determine the issues and make findings of fact and conclusions of law with respect thereto unless the motion and files and records of the case conclusively show that prisoner is entitled to no relief.

10. The motion and files and records of this case do not conclusively show that I am not entitled to relief.

11. My case has been transferred twice now which has caused further delay.

12. Writs of Habeas Corpus are intended to afford a swift and imperative remedy in all cases of illegal restraint or confinement. Congress expressed in the AEDPA a strong preference for swift and conclusive resolution of collateral attacks.

13. The purpose of my filing the 2255 was to show that I was denied rights guaranteed by the constitution. Once proven that my former counsel was ineffective the court would fashion the remedy or relief to make up what prejudiced the Petitioner. That could mean putting me back at the sentencing phase where the superceding Plea Bargain would have been given to me. That could mean a much shorter sentence than what I was sentenced to. That would change so many things including programs I would be eligible for in the

-2-

B.O.P.

14. Congestion of Court dockets are simply not reason enough to deny me of my due process.

Wherefore Petitioner request that Writ of Mandamus be granted compelling the Court to Rule on my 2255 motion or at the very least grant an evidentiary hearing.

Respectfully Submitted,

Alan R. King Jr. #08297028
Terre Haute Federal Camp
P.O. Box 33
Terre Haute, IN 47808

### Certificate of Service

I hereby certify that on March 18, 2010 a copy of the foregoing was mailed first class U.S. Mail, postage prepaid and properly addressed to the following:

| | |
|---|---|
| United States District Court | Gerald A. Coraz |
| Southern District of Indiana | Office of U.S. Attorney |
| 105 U.S. Courthouse | Southern District |
| 46 East Ohio St. | 10 West Market St., Suite 2100 |
| Indianapolis, IN 46204 | Indianapolis, IN 46204 |

Alan R. King Jr.

-3-