**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ALAN R. KING, JR., )<br>)<br>Movant, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA. ) | 1:08-cv-1710-JMS-TAB |

**Entry Discussing Motion for Relief Pursuant to 28
U.S.C. § 2255 and Denying Certificate of Appealability**

**I.**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). Alan King seeks such relief with respect to his conviction in No. IP 07-16-CR-01.

King entered a plea of guilty to theft of government property (18 U.S.C. § 641), loan fraud (18 U.S.C. § 1014), and mail fraud (18 U.S.C. § 1341) in the underlying criminal prosecution. His plea was accepted and his appeal from this disposition was rejected. *See United States v. King,* 506 F.3d 532 (7th Cir. 2007)(granting counsel's motion to withdraw and dismissing the appeal as frivolous).

"Alan King used stolen social security numbers to poach Hurricane Katrina relief funds, student-loan money, Pell Grant money, and credit at various banks and retailers." *Id.* at 534. He now claims that the proceeding resulting in his conviction was tainted with constitutional error because of the denial of effective assistance of counsel and because of a mental deficit from which he suffered at the time his plea of guilty was offered.

The latter claim is readily resolved. His competence to enter a plea of guilty was considered by the Court of Appeals and his claim of being incompetent to enter a knowing plea of guilty was described as "frivolous." *Id.* Here, King offers no legal reason why this question should be re-examined in the § 2255 action, and no factual reason why a variation of the claim could support the relief he seeks. To be found competent, the defendant must

understand the nature of the proceedings, and be able to assist counsel. 18 U.S.C. § 4241(a); *United States v. Moore,* 425 F.3d 1061, 1074 (7th Cir. 2005). There is no question whatsoever from the proceedings conducted in open court that King more than satisfied these requirements. The circumstances of this case do not show that a hearing on competency was required. *Woods v. McBride,* 430 F.3d 813, 817 (7th Cir. 2005) ("A defendant is entitled to a hearing on his competency if a bona fide doubt arises about his ability to consult with his attorney or his understanding of the charges brought against him. Likewise, a trial judge must inquire *sua sponte* into a defendant's mental state if events in court call into question the defendant's competency.") (internal citations omitted).

As to King's remaining claim–variations on the familiar theme that he did not receive the representation of counsel which the Constitution requires–he fares no better.

- The right to the effective assistance of counsel is denied when the performance of counsel falls below an objective standard of reasonable professional conduct and thereby prejudices the defense. *Yarborough v. Gentry,* 540 U.S. 1, 5 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 688-94 (1984)).

- For a petitioner to establish that her "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, she must make two showings: (1) deficient performance that (2) prejudiced her defense. *Strickland,* 466 U.S. at 687. With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In order to show prejudice from a counsel's inadequate representation, a petitioner "'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . .'" *Pole v. Randolph,* 570 F.3d 922, 934 (7th Cir. 2009) (quoting *Strickland,* 466 U.S. at 694); *see also Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694; *see also Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004).

- One specification of counsel's asserted ineffectiveness is King's attorney's alleged failure to adequately investigate King's brain injuries with a possible view to arguing diminished capacity. The other specifications of counsel's asserted ineffectiveness are that counsel failed to apprise King of a superseding plea offer from the United States and rushed to get King back into court for his change of plea after Judge Hamilton had refused to accept the plea agreement proferred by King and the United States two days previously. In fact, however, King was made aware of all plea offers and it was through his insistence that the guilty plea--*sans* plea agreement--was offered. King was also insistent that the matter be concluded. The careful plea colloquy undertaken by Judge Hamilton shows without question that King's plea was valid–meaning that it was made voluntarily, knowingly, and intelligently. *United States v. Hays*, 397 F.3d 564, 567 (7th Cir. 2005) (citing *United States v. Gilliam*, 255 F.3d 428, 432-33 (7th Cir. 2001)). That colloquy demolishes

every argument King now makes that his attorney was ineffective. As explained in the direct appeal, "King has given us no reason to doubt the veracity of his sworn statements that, notwithstanding his ingestion of the drug, he understood the charges against him, the rights that he was relinquishing by pleading guilty, and the consequences of his plea." *King,* 506 F.3d at 534.

Ineffective assistance of counsel is a single ground for relief no matter how many failings the lawyer may have displayed. *Pole v. Randolph,* 570 F.3d 922, 934 (7th Cir. 2009) (citing *Peoples v. United States,* 403 F.3d 844, 848 (7th Cir. 2005)). Here, in addition to being refuted by the record of his plea, King's unsubstantiated and conclusory statements do not support his ineffective assistance of counsel claim. *See, e.g., United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005). He is not entitled to relief as to this claim.

Having considered the pleadings, the expanded record, and the parties' arguments, therefore, the court finds for the reasons explained in this Entry that King has failed to show that he is entitled to the relief he seeks and that his motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.** Judgment consistent with this Entry shall now issue.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that King has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 06/28/2010

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana